## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HECTOR DAVID COLON,** | : | **CIVIL ACTION NO. 3:19-CV-582** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL CLARK and** | : | |
| **PENNSYLVANIA STATE** | : | |
| **ATTORNEY GENERAL,** | : | |
| | : | |
| **Respondents** | : | |

### MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2254 in which petitioner Hector David Colon challenges his 2011 conviction and sentence for indecent assault, corruption of minors, unlawful contact with a minor, criminal attempt, and rape in the Dauphin County Court of Common Pleas. We will deny the petition for writ of habeas corpus with prejudice.

### I.    Factual Background & Procedural History

Following a jury trial in the Dauphin County Court of Common Pleas, Colon was convicted of four counts of indecent assault, four counts of corruption of minors, four counts of unlawful contact with a minor, one count of criminal attempt, and two counts of rape arising from the repeated sexual assault of three young girls between the ages of 5 and 13, two of whom were the daughters of his then-girlfriend, the third of whom was the daughters' friend. Commonwealth v. Colon, 237 A.3d 453 (Table), 2020 WL 2510434, at *1 (Pa. Super. Ct. May 15, 2020); Commonwealth v. Colon, No. 590 MDA 2012, 2013 WL 11255567, at *1 n.1 (Pa.

Super. Ct. Aug. 14, 2013).  He was sentenced on November 7, 2011 to a term of imprisonment of 25-55 years.  <u>Colon</u>, 2020 WL 2510434, at *1.  Colon appealed to the Pennsylvania Superior Court, raising three arguments that his sentence was illegal and one argument that his sentence was unusually excessive.  <u>Colon</u>, 2013 WL 11255567, at *1.  The Superior Court affirmed.  <u>Id.</u> at *4.  Colon did not seek further review before the Pennsylvania Supreme Court.  <u>Colon</u>, 2020 WL 2510434, at *1.

On June 18, 2014, Colon filed a *pro se* petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA").  <u>Id.</u>  The Court of Common Pleas appointed counsel to represent Colon, and he subsequently filed an amended PCRA petition through counsel.  <u>Id.</u>  Colon's amended petition asserted that his trial counsel was ineffective for failing to call certain character witnesses, failing to request a bill of particulars, and not presenting an alibi defense.  <u>Id.</u>  The Court of Common Pleas conducted an evidentiary hearing on Colon's PCRA petition, after which it denied PCRA relief.  <u>Commonwealth v. Colon</u>, No. 1247 MDA 2018, 2019 WL 421908, at *1 (Pa. Super. Ct. Feb. 4, 2019).  Colon appealed to the Superior Court.  <u>Id.</u>

The Superior Court quashed the appeal for failure to comply with the Pennsylvania Rules of Appellate Procedure.  <u>Id.</u> at *1-2.  The court noted that Colon's charges in the lower court were split into three different docket numbers, but that Colon had filed a single notice of appeal with respect to all three cases.  <u>Id.</u> at *1.  Colon's failure to file separate notices of appeal for each case, the court held, violated Pennsylvania Rule of Appellate Procedure 341 under the Pennsylvania

Supreme Court's ruling in <u>Commonwealth v. Walker</u>, 185 A.3d 969 (Pa. 2018). <u>Colon</u>, 2019 WL 421908, at *2.

Colon subsequently filed a *pro se* motion to reinstate his appellate rights on March 18, 2019 in the Court of Common Pleas. <u>Colon</u>, 2020 WL 2510434, at *2. Counsel was again appointed to represent Colon, and he then filed three separate notices of appeal to the Superior Court, raising the same ineffective assistance of counsel claims that he had previously attempted to raise before the Superior Court. <u>Id.</u> The Superior Court issued an order requiring Colon to show cause as to why the appeals should not be quashed as untimely. <u>Id.</u> Subsequent to the issuance of the Superior Court's show-cause order, the Court of Common Pleas reinstated Colon's appellate rights *nunc pro tunc*. <u>Id.</u> Based on this action, the Superior Court issued an order discharging its show-cause order and referring the case to a merits panel of the court. <u>Id.</u>

The Superior Court addressed Colon's appeals on May 15, 2020. <u>Id.</u> The court concluded that it lacked jurisdiction over the appeals. <u>Id.</u> at *3. The court noted that following the Superior Court's quashing of the prior appeal, Colon "sought neither reconsideration nor further review," which accordingly meant that "the PCRA court's order denying the petition became final 30 days following the Superior Court's decision." <u>Id.</u> The court noted further that "the PCRA subsumes all forms of collateral relief, to the extent a remedy is available under such enactment." <u>Id.</u> (quoting <u>Commonwealth v. West</u>, 938 A.2d 1034, 1043 (Pa. 2007)). As a consequence, the court reasoned that Colon's motion to reinstate his appellate rights was in actuality a second PCRA petition. <u>Id.</u> The court then addressed

whether this second PCRA petition was timely filed under the PCRA's one-year statute of limitations.  Id.  Concluding that the second petition was "patently untimely," and that Colon had not presented any basis to excuse the untimeliness or toll the limitations period, the court held that the petition violated the statute of limitations.  Id.  Based on the violation of the statute of limitations, the Superior Court concluded that the Court of Common Pleas did not have jurisdiction to reinstate Colon's appellate rights and that the Superior Court did not have jurisdiction to hear the appeal.  Id.  The Superior Court therefore quashed the appeal for lack of jurisdiction.  Id. at *4.

Colon filed the petition that initiated the present case on April 3, 2019, shortly after he filed the motion to reinstate appellate rights in the Court of Common Pleas but before the Superior Court quashed his second appeal.  (Doc. 1).  Colon's petition raised the same claims of ineffective assistance of trial counsel that he raised in his PCRA proceedings: that trial counsel was ineffective for failing to call character witnesses, failing to request a bill of particulars, and not presenting an alibi defense. (Id.)  Colon moved to stay the case pending the resolution of the state court proceedings on April 3, 2019.  (Doc. 3).  United States District Judge James M. Munley granted the motion to stay on April 26, 2019 and administratively closed the case. (Doc. 7).

Colon moved to reopen the case on December 14, 2020 following the Superior Court's quashing of his second PCRA appeal.  (Doc. 8).  We granted the motion to reopen and granted Colon leave to file an amended petition and a brief in support of the amended petition.  (Docs. 9, 12).  Colon filed his amended petition and

supporting brief on May 3, 2021.  (Docs. 13, 14).  Colon maintains his ineffective assistance of counsel claims in his amended petition, but additionally argues that the Superior Court erred in quashing his PCRA appeals.  (Doc. 13 at 13).  Respondents filed a response to the petition on November 2, 2021, arguing that the petition should be denied as procedurally defaulted.  (Doc. 22).  Colon has not filed a reply brief in support of the petition, and the deadline for doing so has expired.  The petition is accordingly ripe for disposition.

**II.**     <u>**Discussion**</u>

    **A.**     **Procedural Default**

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court.  28 U.S.C. § 2254(b)(1)(A); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999).  To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  <u>O'Sullivan</u>, 526 U.S. at 842.

Habeas corpus claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits.  <u>Rolan v. Coleman</u>, 680 F.3d 311, 317 (3d Cir. 2012).  State procedural rules are independent if they are "not interwoven with federal law or dependent upon a federal constitutional ruling" and adequate if they were "'firmly established and regularly followed' at the time of the alleged procedural

default." <u>Bey v. Superintendent Greene SCI</u>, 856 F.3d 230, 236 n.18 (3d Cir. 2017)

(quoting <u>Ford v. Georgia</u>, 498 U.S. 411, 424 (1991)).

Federal courts may not consider procedurally defaulted claims unless the

petitioner "can demonstrate cause for the default and actual prejudice as a result of

the alleged violation of federal law, or demonstrate that failure to consider the

claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>,

501 U.S. 722, 750 (1991). Petitioners may establish a fundamental miscarriage of

justice if they can make a credible showing of actual innocence. <u>Reeves v. Fayette</u>

<u>SCI</u>, 897 F.3d 154, 160 (3d Cir. 2018).

Colon raises three ineffective assistance of counsel claims in this case, all of

which he raised in PCRA proceedings before the Court of Common Pleas and

attempted to raise before the Superior Court. The Superior Court quashed the

PCRA appeal based on the Pennsylvania Supreme Court's holding in <u>Walker</u> that

"where a single order resolves issues arising on more than one docket, separate

notices of appeal must be filed for each case." <u>Colon</u>, 2019 WL 421908, at *2

(quoting <u>Walker</u>, 185 A.3d at 971). Respondents assert that the quashing of Colon's

appeal procedurally defaults his claims in federal court.

We disagree. Although <u>Walker</u> represented an independent state law ground

for quashing Colon's appeal, it was not a sufficiently "adequate" state law ground

for Colon's claims to be procedurally defaulted in federal court. To be adequate for

purposes of a procedural default analysis, a state procedural rule must be "'firmly

established and regularly followed' *at the time of the alleged procedural default*."

<u>Bey</u>, 856 F.3d at 236 n.18 (emphasis added) (quoting <u>Ford</u>, 498 U.S. at 424).

Walker was decided on June 1, 2018, which was a mere eight weeks before Colon appealed to the Superior Court on July 27, 2018.  See 2019 WL 421908, at *1. In that short period of time, there were seven cases decided in Pennsylvania's appellate courts that cited Walker, but none of them applied Walker to quash an appeal for the appellant's failure to file separate notices of appeal.  Four of the cases held that the rule announced in Walker did not apply because the applicable notices of appeal had been filed before Walker.[1]  See Commonwealth v. Brown, No. 2151 EDA 2017, 2018 WL 3544862, at *1 (Pa. Super. Ct. July 24, 2018); Commonwealth v. Naples, No. 3649 EDA 2016, 2018 WL 3470281, at *2 n.4 (Pa. Super. Ct. July 19, 2018); Commonwealth v. Copeland, No. 457 MDA 2017, 2018 WL 3405508, at *1 n.2 (Pa. Super. Ct. July 13, 2018); Commonwealth v. Madonna, No. 1714 MDA 2017, 2018 WL 3405498, at *2 n.2 (Pa. Super. Ct. July 13, 2018).  One of the cases held that Walker did not require the appeal to be quashed because the appellant had correctly filed separate notices of appeal as required by Walker.  See Commonwealth v. Hollabaugh, No. 1770 MDA 2017, 2018 WL 3341713, at *1 n.2 (Pa. Super. Ct. July 9, 2018).  And finally, and most notably, two of the cases observed that the appellants had failed to file separate notices of appeal and acknowledged that Walker would ordinarily require quashing the appeals on that basis, but they nonetheless excused the appellants' failure to file separate notices of appeal.  See Commonwealth v. Lee, No. 1526 MDA 2017, 2018 WL 3446121, at *1 n.3 (Pa. Super.

---

[1] The Walker court held that the rule it announced would only apply prospectively.  See Walker, 185 A.3d at 971.

Ct. July 17, 2018); Commonwealth v. McClinton, No. 1960 EDA 2017, 2018 WL 3405506, at *1 n.2 (Pa. Super. Ct. July 13, 2018).

Thus, far from being firmly established and regularly followed at the time of Colon's appeal, it appears to the contrary that only two cases had confronted the factual scenario contemplated in Walker and both cases actually excused the procedural failing rather than quashing the appeal. Based on this case law, we cannot conclude that Walker represented an adequate state law ground for the quashing of Colon's PCRA petition to constitute a procedural default of his claims.

The case is analogous to Bronshtein v. Horn, 404 F.3d 700 (3d Cir. 2005), where our court of appeals held that the state court's dismissal of a PCRA petition as untimely did not procedurally default the petitioner's claims in federal court. The state rule at issue in Bronshtein, which became effective via statutory enactment on January 16, 1996, established a one-year statute of limitations on the filing of PCRA petitions. Id. at 708. Strict enforcement of the statute of limitations, however, "did not begin immediately," as state courts continued to apply the "relaxed waiver rule" in capital cases, whereby courts would liberally waive procedural rules in cases where petitioners were facing the death penalty to advance the "'overwhelming public interest' in preventing unconstitutional executions." Id. (quoting Commonwealth v. McKenna, 383 A.2d 174 (Pa. 1978)). This practice continued until three decisions by the Pennsylvania Supreme Court—Commonwealth v. Albrecht, 720 A.2d 693 (Pa. 1998), Commonwealth v. Peterkin, 722 A.2d 638 (Pa. 1998), and Commonwealth v. Banks, 726 A.2d 374 (Pa. 1999)—

foreclosed continued reliance on the relaxed waiver rule.  <u>Bronshtein</u>, 404 F.3d at 708-09.

The petitioner in <u>Bronshtein</u> brought several claims in a PCRA petition that were dismissed in state court as untimely, and the government sought to have the claims dismissed in federal court as procedurally defaulted on that basis.  <u>Id.</u> at 707. The Third Circuit held that the claims were not procedurally defaulted because the limitations period for the petitioner to bring his PCRA petition expired on October 20, 1998, which was after the passage of the PCRA's one-year statute of limitations but before the Supreme Court's decisions in <u>Albrecht</u>, <u>Peterkin</u>, and <u>Banks</u>.  <u>Id.</u> at 709.  Thus, the court reasoned, the petitioner "did not have fair notice that he would not be given the benefit of the 'relaxed waiver' rule and that his failure to file his PCRA petition within the one-year statutory deadline would result in the dismissal of his petition."  <u>Id.</u>

Like the claims at issue in <u>Bronshtein</u>, Colon's claims were subject to dismissal in state court based upon a nascent rule change that was not consistently applied at the time of the procedural default.  Thus, as in <u>Bronshtein</u>, we find that Colon's claims are not procedurally defaulted because the state procedural rule at issue "was not firmly established and regularly followed at the time in question." <u>Id.</u>

Our holding on this issue is narrow.  We do not intend to criticize the Superior Court's ruling or to call into question the correctness of the court's decision.  <u>Walker</u> represented binding precedent that the court was obligated to follow, and its quashing of Colon's appeal as untimely was undoubtedly correct on

that basis.  We also do not suggest that the rule announced in <u>Walker</u> would be inadequate to procedurally default federal claims in other cases.  We hold only that on the particular facts of this case where Colon filed a notice of appeal a mere eight weeks after <u>Walker</u> at a time when the lower courts of Pennsylvania were not yet applying <u>Walker</u> consistently, the rule announced in <u>Walker</u> is not an adequate basis for Colon's claims to be procedurally defaulted in federal court.  We accordingly proceed to the merits of Colon's claims.

### B.    Merits

Our review of the merits is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Because the Superior Court dismissed Colon's claims as untimely and did not reach the merits of the claims, we review the opinion of the Court of Common Pleas as the last reasoned opinion addressing the merits of the claims.  See <u>Blystone v. Horn</u>, 664 F.3d 397, 417 n.15 (3d Cir. 2011) ("Where a lower state court opinion 'represents the state courts' last reasoned opinion on the relevant issue,' we 'look through' the higher state court-opinion and apply §

2254(d)'s standards to the 'highest reasoned opinion.'" (internal alterations omitted) (quoting Bond v. Beard, 539 F.3d 256, 289-90 (3d Cir. 2008))).

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet." Mays v. Hines, 592 U.S. __, 141 S. Ct. 1145, 1149 (2021) (quoting Harrington, 562 U.S. 86, 102 (2011)).  Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute for "ordinary error correction through appeal."  Harrington, 562 U.S. at 102-03 (citing Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)).  "Federal habeas courts must defer to reasonable state-court decisions," Dunn v. Reeves, 594 U.S. __, 141 S. Ct. 2405, 2407 (2021), and may only grant habeas corpus relief when the state court's decision "was so lacking in justification" that its error was "beyond any possibility for fairminded disagreement." Mays, 141 S. Ct. at 1149 (quoting Harrington, 562 U.S. at 102).

To obtain habeas corpus relief based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance caused prejudice to the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984).  The court's analysis as to whether counsel's performance was deficient must be "highly deferential" to counsel, and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The court's analysis is "doubly deferential" when a state court has already decided that counsel's performance was adequate.  Dunn, 141 S. Ct. at 2410.  The

court must apply a high level of deference both to counsel's actions and to the state court's determination that counsel's actions were constitutionally adequate.  Id.; Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (citing Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003)).  The federal court may only grant habeas corpus relief if "*every* 'fairminded jurist' would agree that *every* reasonable lawyer would have made a different decision."  Dunn, 141 S. Ct. at 2411 (emphasis in original) (quoting Harrington, 562 U.S. at 101).

Colon's first claim is that counsel was ineffective for failing to call character witnesses, Anacelly Rodriguez, Janette DeJesus, and Mayra Diaz.  According to testimony elicited in the PCRA evidentiary hearing, Rodriguez would have testified at trial that she knew Colon and the victims at the time the crimes were committed, that she observed Colon's relationship with the victims as being like that of a father and his children, and that she never observed or heard of anything inappropriate occurring between Colon and the victims.  (Doc. 22-6 at 87-88).  DeJesus would have testified that she knew Colon and the victims and that Colon was a kind, hardworking person who loved his family.  (Id. at 88).  Diaz, Colon's sister, would have testified she had heard that two of the victims lied in their accusations against Colon.  (Id.)  Diaz testified in the evidentiary hearing that she had spoken with trial counsel prior to Colon's trial but that counsel had decided not to use her testimony because she was Colon's sister.  (Id.)

The Court of Common Pleas rejected this claim on its merits, finding that counsel was not ineffective because counsel called other character witnesses on Colon's behalf and that Colon had not suffered any prejudice from counsel's alleged

ineffectiveness given that the jury also heard the testimony of all three victims. (Doc. 22-6 at 89).

We hold that the court's decision was reasonable and conformed to clearly established law as to what a petitioner must establish to succeed on an ineffective assistance of counsel claim. See Strickland, 466 U.S. at 687. Counsel's decision to not call Diaz as a witness was a reasonable strategic choice given Diaz's familial relationship with Colon and the fact that she could only present hearsay evidence. We also find reasonable the court's conclusion that any ineffectiveness in failing to call Rodriguez and DeJesus did not prejudice Colon. The jury heard the testimony of all three victims against Colon. Rodriguez and DeJesus's character testimony would not have rebutted the factual information provided by the victims' testimony and therefore likely would not have affected the jury's finding of guilt.

Colon's second claim is that counsel was ineffective for failing to request a bill of particulars. The Court of Common Pleas found no merit to this claim, reasoning as follows:

> Defendant's ineffectiveness claim for trial counsel's failure to file a bill of particulars is also without merit. The Commonwealth is not required to prove the single specific date of a crime in every instance; instead, any leeway would vary with the nature of the crime and the age and condition of the victim or victims balanced against the rights of the accused. *Commonwealth v. Brooks*, 7 A.3d 852, 858 (Pa. Super. 2010). A broader, less definite time frame may be alleged in a criminal complaint when the allegations are related to the sexual abuse of a child. *Id.* Further, when the crimes allegedly occurred over a continuous period, a defendant's ability to defend himself [is] less seriously encroached upon. *Id.* It would simply not be possible for Defendant to account for his whereabouts over the course of the time periods in question. Given the course of conduct against all of the victims in this case over several years, a bill of particulars would not be

> feasible.  Counsel will not be held ineffective for failing to pursue a
> meritless claim.

(Doc. 22-6 at 90).  We find that this conclusion is reasonable and conforms to the

standard for ineffective assistance of counsel under <u>Strickland</u>.  As the Court of

Common Pleas observed, a bill of particulars would simply not have been feasible.

Counsel's decision not to request one was therefore reasonable given the nature of

the allegations against Colon.

Colon's final claim is that his trial counsel was ineffective for failing to

present an alibi defense.  The Court of Common Pleas rejected this claim, noting

that the evidence Colon produced at the evidentiary hearing to support his claim

could not account for his whereabouts during the years-long period of time in which

the crimes against the victims occurred.  (Doc. 22-6 at 89-90).  The court accordingly

found that there was no merit to this aspect of Colon's ineffectiveness claim, "as the

evidence reveals multiple opportunities in which the crimes could have been

committed."  (<u>Id.</u> at 90).  We find this conclusion reasonable.  Colon's failure to

proffer evidence that could support an alibi defense for the entire period of time

relevant to the case demonstrates the weakness of any alibi, and therefore

establishes that trial counsel was not ineffective for failing to pursue the defense.

### III.   <u>Conclusion</u>

We will deny the petition for writ of habeas corpus with prejudice.  A

certificate of appealability will not issue because no reasonable jurist would

disagree with this ruling or conclude that the issues presented are adequate to

deserve encouragement to proceed further.  <u>Buck v. Davis</u>, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)).  An appropriate order shall issue.

<u>/S/ C<span style="font-variant: small-caps">HRISTOPHER</span> C. C<span style="font-variant: small-caps">ONNER</span></u>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      February 17, 2022